IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MISTY L. TAYLOR**                                                              **PLAINTIFF**

**VERSUS**                                           **CAUSE NO.** 1:22cv146-SA-DAS

**NORTH MISSISSIPPI MEDICAL CENTER**
**d/b/a NORTH MISSISSIPPI RETINA CENTER**                **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and liquidated damages for violation of the Family and Medical Leave Act. Plaintiff makes claims for both "interference" under 29 U.S.C. § 2615(1) and for "opposition" and "retaliation" under 29 U.S.C. 2615(a)(2). The following facts support this action:

1.

Plaintiff MISTY L. TAYLOR is an adult resident citizen of 151 Gym Circle, Saltillo, Mississippi 38866. At all relevant times, Plaintiff was an employee within the meaning of the Family and Medical Leave Act.

2.

Defendant NORTH MISSISSIPPI MEDICAL CENTER, d/b/a North Mississippi Retina Center, is a Delaware non-profit corporation. Defendant may be served with process upon its registered agent, Bruce J. Toppin, 830 South Gloster Street, Tupelo, Mississippi. At all relevant times, Defendant was an employer within the meaning of the Family and Medical Leave Act.

00369439.WPD

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343.

4.

Plaintiff worked for Defendant for approximately six (6) years as a medical assistant and a certified scribe.

5.

For approximately the past two (2) years of Plaintiff's employment, Plaintiff was under approved medical leave, under which she could be off work up to five (5) days per month to care for the serious medical needs of her mother. Plaintiff's mother suffers from many serious medical conditions, including, but not limited to, dementia, and Alzheimer's disease.

6.

Various employees of Defendant were upset with Plaintiff's being off work. The primary employee who was upset with Plaintiff's being off work is Dr. Heather Hancock, an eye surgeon.

7.

Defendant highly favors Dr. Hancock because of the huge volume of patients she brings into the clinic. Defendant wishes to keep Dr. Hancock happy, despite the fact that Dr. Hancock's hectic schedule sometimes results in her providing poor medical care, such as one occasion in which she injected the wrong eye. The emphasis from Defendant is upon generating income. For that reason, Defendant will not offend Dr. Hancock and adheres to her wishes.

8.

In early August 2022, Dr. Hancock sent the human resources department an email making false statements about Plaintiff, including that Plaintiff had "abused" her medical leave. Dr. Hancock had no basis for such charges. There was no investigation by Defendant to determine whether the charges were correct. Defendant accepted the charges as true so as not to offend Dr. Hancock. Plaintiff had, in fact, not abused her medical leave.

9.

Approximately two (2) weeks after Dr. Hancock wrote her email complaining about Plaintiff's abusing her medical leave, Defendant fired Plaintiff. The only reason given for the discharge was a performance review, which Plaintiff had received in 2020, two (2) years earlier. This was pretext.

10.

Plaintiff was fired because she took medical leave and because of Dr. Hancock's false claim she had abused her medical leave.

11.

Defendant fired Plaintiff in retaliation for the fact that she had complained about the email sent by Dr. Hancock. Specifically, after learning about the email, Plaintiff had complained to Doris l/n/u in human resources about Dr. Hancock's sending a false and malicious email, making false allegations that Plaintiff had abused her medical leave.

12.

Defendant has interfered with Plaintiff's right to take medical leave by discharging her because she took medical leave and because of false claims that she had abused her medical leave.

13.

Defendant has violated the Family and Medical Leave Act by discharging Plaintiff because she opposed the discrimination against her resulting from her taking medical leave.

14.

Plaintiff has suffered lost income, mental anxiety, and stress as a result of Defendant's actions.

15.

Plaintiff is entitled to actual damages for lost income. Because the violation is willful, Plaintiff is also entitled to liquidated damages. Additionally, because Defendant retaliated against Plaintiff because she protested the email written by Dr. Hancock is willful, retaliatory action, Defendant is liable for punitive damages.

## **REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 5th day of October, 2022.

        MISTY L. TAYLOR, Plaintiff

    By: */s/ Jim Waide*
       Jim Waide, MS Bar No. 6857
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street
       Tupelo, MS 38804-3955
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named MISTY L. TAYLOR, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
MISTY L. TAYLOR

GIVEN under my hand and official seal of office on this the 20th day of September, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: March 10, 2026